UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| **Thomas T. Ivey,** | ) | C/A No. 0:07-cv-4024-GRA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Order |
| | ) | (Written Opinion) |
| Jon Ozmint, Commissioner, South Carolina | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Thomas T. Ivey (Petitioner) is under a sentence of death. *See State v. Ivey*, 331 S.C. 118, 502 S.E.2d 92 (1998), *cert. denied*, 525 U.S. 1075 (1999). **Petitioner is scheduled to be executed on December 28, 2007 at 6 P.M.**  Pending before the Court is Petitioner's Motion to Appoint Counsel and to Stay Execution (Entry 1), Petitioner's Motion for Leave to Proceed *in forma pauperis* (Entry 5), and a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Entry 2).  Based on the following, the Court will grant the Motions and direct service of and response to the Petition.

Factual and Procedural History

Petitioner was convicted of murder, kidnapping, and armed robbery in the Court of General Sessions for Orangeburg County under indictment numbers 93-GS-38-819; 94-GS-38-664; and 94-GS-38-664.  He was sentenced to death on the murder charge and thirty years on the armed robbery charge by the presiding judge on July 17, 1995.  No sentence was entered on the kidnaping charge.  Petitioner's convictions and sentences were affirmed on direct appeal by the South Carolina Supreme Court in 1998, and a petition for writ of

*certiorari* was denied by the United States Supreme Court in 1999. Thereafter, Petitioner filed an Application for Post Conviction Review (PCR) in the Court of Common Pleas of Orangeburg County. *See* Case no. 00-CP-38-299. The PCR case remained pending for several years and was denied on April 4, 2006. A petition for writ of certiorari to the South Carolina Supreme Court was denied on November 2, 2007.

## Discussion

*A.     Motion to Appoint Counsel*

As stated above, the Court has received a Petition (Entry 2), along with a Motion to Appoint Counsel and to Stay of Execution. (Entry 1). The attorneys who submitted the Motion and Petition, William H. Ehiles and Robert Lominack, are not on this Court's "Death Penalty" list, but it does appear that they are both admitted to this Court's and to the Fourth Circuit Court of Appeals' bar. No motion for appointment of alternative counsel has been filed in this case, thus it is presumed that Petitioner is satisfied with his current counsel. One of the attorneys who seek appointment in this case, Mr. Ehlies, has been a member of the Fourth Circuit Court of Appeals bar for at least five years, has at least three years' experience in handling felony cases in this appeals court, has experience with capital cases, and represented Petitioner in his state post-conviction proceedings. He thus meets the requirements for appointment under the current version of 18 U.S.C. § 3599 (a)(2)(b).

Although Mr. Lominack appears to have considerable training and experience in the area of capital cases, it does not appear that he has been a member of the Court of Appeals bar for five years, nor does it appear that he has three years of felony appeals experience

in that Court as required under the statute. However, since Petitioner is seeking to set aside a death sentence, for good cause given the seriousness of the possible penalty and to the unique and complex nature of the litigation, and because he will be serving as co-counsel with an attorney who clearly meets the statutory experience requirements, it appears that Mr. Lominack should be appointed as co-counsel for Petitioner. *See* 18 U.S.C. § 3599(a)(2)(d).

*B.     Motion for Stay of Execution*

Petitioner also asks this Court to grant a stay of execution "to facilitate litigation of his petition for writ of habeas corpus." He does not ask for any specific length of stay, and Respondent has not yet filed a response to the Motion. From past experience in this Court, it is likely that Respondent will contend that proceedings under Chapter 154 of Title 28 of the United States Code are applicable, and that a mandatory stay of execution is required. It is also likely that Petitioner's counsel relies on *McFarland v. Scott*, 512 U.S. 849 (1994). This Court is aware that current statutory law and prior case law disapprove of excessive delays in death penalty cases. The Court is also mindful of the holding in *Spann v. Martin*, 963 F.2d 663, 672 (4th Cir. 1992). Even so, it appears that it may be necessary for this Court to determine as a substantive issue whether Chapter 154 of Title 28 of the United States Code applies in this case. At this time, the Court is not determining whether Chapter 154 applies to this case because it is readily apparent that Petitioner is entitled to a stay of execution under *McFarland*.

3

C.    *Motion for Leave to Proceed* in forma pauperis

It appears from financial information submitted that Petitioner should be relieved from any obligation to pay a filing fee.

### **Conclusion**

IT IS THEREFORE ORDERED THAT:

1. Petitioner's Motion to Appoint Counsel and to Stay Execution is GRANTED.

   (A) The Petition is referred to the Honorable Bristow Marchant, United States Magistrate Judge.

   (B) Respondent shall submit an answer to the Petition within thirty (30) days of the date this Order is filed. *See Kramer v. Jenkins*, 108 F.R.D. 429, 430-33 (N.D. Ill. 1985) (court has discretionary authority to fix time for response to habeas corpus).

   (C) The Magistrate Judge shall issue a Report and Recommendation on the merits of the Petition no later than one hundred ten (110) days after the answer is filed.[1]

2. Petitioner's Motion for Leave to Proceed *in forma pauperis* is GRANTED.

3. The Clerk of Court shall transmit by letter, facsimile, and through the Electronic Case Filing system copies of this Order to the parties. The Clerk is further authorized and directed to notify the parties of this Order by telephone.

---

[1] This Court is aware from the pleadings filed in *Atkins v. Moore*, Civil Action No. 3:96-2859-CMC that there is a difference of opinion as to whether South Carolina is a so-called "opt-in" state. The Court of Appeals has thus far declined to address the matter. *See Atkins v. Moore*, 1998 WL 93409 *1 n.2 (4th Cir., March 5, 1998); *cf. Smith v. Moore*, 1998 WL 89375 (4th Cir., March 4, 1998). The resolution of that issue might affect questions relating to whether a district court must issue a final decision in a death penalty case within 180 days after the petition is filed. Until the question is resolved by case law or stipulated to by counsel for both parties, counsel should proceed on the assumption that this Court must issue a final decision no later than 180 days after the Petition was filed.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

December 18, 2007

Anderson, South Carolina


NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.