UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Thomas T. Ivey, | ) | C/A No.: 0:07-cv-4024-GRA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Jon Ozmint, Commissioner, South | ) | |
| Carolina Department of Corrections. | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation, pursuant to 28 U.S.C. § 636 and Local Rule 636(b)(2)(c), D.S.C., filed on March 21, 2008. Petitioner originally filed this action, pursuant to 28 U.S.C. § 2254, on December 14, 2007. Respondent filed a motion for summary judgment; Petitioner responded; and Magistrate Judge Marchant recommends that this Court grant the respondent's motion for summary judgment. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation.

**Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  Petitioner filed objections on April 7, 2008.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Objections

As an initial matter, Petitioner objects that, because "the record before the federal court is identical to the record that was before the state court, § 2254(e)(1)'s 'clear and convincing evidence' standard is necessarily inapplicable, and it is §

2254(d)(2)'s 'unreasonable determination of the facts in light of the evidence presented in the state court proceeding' inquiry—and only that inquiry—which governs the habeas court's assessment of factual issues." (Pet's Objs. at 2) Petitioner objects that this error "renders [the magistrate's] analysis and recommendations relating to factual issues inaccurate and unreliable." (*Id.* at 3) Petitioner repeats this argument throughout his objections. (Pet's Objs. at 4, 8 & 9).

The statutory subsections at issue state:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.
>
> (e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d)-(e)(1).

In *Lenz v. Washington*, the Fourth Circuit discussed the interrelation between

these sections as follows:

The federal habeas statute "dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 125 S.Ct. 847, 853, 160 L.Ed.2d 881 (2005) (internal quotation marks and citation omitted). The required deference encompasses both the state court's legal conclusions and its factual findings.

Where the state court has adjudicated a particular claim on the merits, federal habeas relief is appropriate only in two circumstances. The first occurs if the state court's judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nonetheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Lovitt v. True*, 403 F.3d 171, 178 (4th Cir.2005). "An 'unreasonable application' occurs when a state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a] petitioner's case." *Rompilla v. Beard*, 545 U.S. 374, ----, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005) (internal quotation marks omitted); *see also Booth-El v. Nuth*, 288 F.3d 571, 575 (4th Cir.2002).

The second circumstance where a federal court may grant habeas relief despite a state court decision on the merits is if the state court's judgment "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, in reviewing a habeas petition, "a determination of a factual issue made by a State court shall be presumed to be

correct" unless the habeas petitioner rebuts this presumption "by clear and convincing evidence." *Id.* § 2254(e)(1).

The relation between § 2254(d)(2) and § 2254(e)(1) is a source of much dispute between the parties. Though he presents only one § 2254(d)(2) claim-relating to juror use of the Bible during sentencing-for our substantive review, petitioner pressed several such claims before the district court. He contends to us that the district court erred procedurally in applying the § 2254(e)(1) presumption of correctness in the course of adjudicating these claims. He points out, for example, that in assessing whether the state court's dismissal of his Bible claim rested upon an "unreasonable determination of the facts," the district court stated that it must "presume the state court's findings of fact to be correct unless the petitioner makes a clear and convincing showing to the contrary." *Lenz v. True*, 370 F.Supp.2d at 461. Petitioner argues that § 2254(e)(1) has no place in the § 2254(d)(2) inquiry, and that statements such as this compel us to remand the district court's decision in its entirety.

Petitioner's argument is undercut by both Supreme Court precedent and our own. In *Miller-El v. Dretke*, the Supreme Court indicated that the two provisions interrelate:

> [petitioner] may obtain relief only by showing the [state court's] conclusion to be "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Thus, we presume the [state] court's factual findings to be sound unless [petitioner] rebuts the "presumption of correctness by clear and convincing evidence." § 2254(e)(1).

545 U.S. 231, ----, 125 S.Ct. 2317, 2325, 162 L.Ed.2d 196 (2005) (emphasis added); *see also Miller-El v. Cockrell*, 537 U.S. 322, 341, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (stating that the inquiry on the merits is "whether the trial court's determination . . . was objectively

unreasonable and has been rebutted by clear and convincing evidence to the contrary") (emphasis added); *Wilson v. Ozmint*, 352 F.3d 847, 858-60 (4th Cir.2003) (applying § 2254(e)(1) in the context of determining whether relief was appropriate under § 2254(d)(2)). We therefore find no error in the district court's application of the § 2254(e)(1) presumption of correctness to the state court's factual findings.

Petitioner also contends that the district court erred by applying this presumption to the state court's entire decision, rather than just to the factual findings contained therein. We reject this contention as well. Even if certain statements taken in isolation might appear to be mistaken, we are confident that as a whole the opinion was not overly deferential to the state court. Contrary to petitioner's contention, the district court conducted a thorough and careful examination of the merits of petitioner's claims, consistent with the standards set forth in § 2254. We thus decline petitioner's suggestion that we remand the decision in its entirety on this basis, and turn to his four constitutional claims.

444 F.3d 295, 299-301(4th Cir. 2006).

Therefore, the petitioner's objection is without merit. With this in mind, the Court will turn to the petitioner's objections related to his specific grounds for habeas relief.

### *Ground 1: Impartial Juror*

Petitioner objects that the magistrate erred by finding that the trial court acted properly when it qualified Juror Young to serve as a juror. First, Petitioner argues that the magistrate supported the trial court's findings by taking juror Young's voir dire responses out of context. (Pet's Objs. at 4-6) Petitioner specifically argues that: "this juror was so predisposed to support the death penalty in every case involving murder

that her mind would have to be changed.  Surely, this qualifies as a 'substantial impairment.'"(*Id.* at 5) This issue was fully adjudicated on its merits, (*see* R & R at n.10), and it involves a finding of fact by the trial court, *see Montomery v. Bagley*, 482 F.Supp.2d 919, 948 (N.D. Ohio 2007)(noting that a trial judge's determination of a juror's impartiality is a finding of fact); therefore, this court will uphold it unless the petitioner rebuts it with clear and convincing evidence.

The trial judge qualified Juror Young "given the totality of her responses."  (R & R at 18) Though the magistrate may have only cited to particular portions of the voir dire, the trial judge considered the *entire* voir dire before deciding to qualify Juror Young.  After an independent review of Juror Young's *entire* voir dire, this Court finds that it does not contain clear and convincing evidence that the trial judge erred by qualifying Juror Young.  Further, the petitioner's contention that the magistrate relied solely on the trial judge's ability to observe the demeanor of the juror, arguably in violation of the rule announced in *Snyder v. Louisiana*, 128 S.Ct. 1203 (U.S. 2008), is without merit because the magistrate recognized that the trial judge qualified the juror because of the "totality of her responses"—justification independent from any analysis of the juror's demeanor.  (R & R at 18) Therefore, this objection is without merit.

### Ground 2: Conflict of Interest

Petitioner argues only that the magistrate erred by applying § 2254's presumption of correctness to the trial court's finding of fact that petitioner's trial

counsel did not have an actual conflict of interest. (Pet's Objs. at 8) As discussed in detail above, it is proper to apply § 2254(e)(1)'s presumption of correctness to a § 2254(d)(2) argument. *Lenz*, 444 F.3d at 299-01. Therefore, this objection is without merit.

### Ground 3: Ineffective Assistance of Appellate Counsel

Petitioner objects that the magistrate erred by finding that the petitioner's appellate counsel on direct appeal was effective. Specifically, Petitioner argues that his appellate counsel was ineffective because he did not make a Confrontation Clause argument on direct appeal. (Pet's Objs. at 9). Petitioner objects that effective appellate counsel would have argued that: (1) trial counsel did preserve the Confrontation Clause issue for appeal; and (2) witness Neumon was available to testify because his invocation of the Fifth Amendment was improper. As the magistrate noted, this argument was fully adjudicated during the petitioner's state post-conviction relief (PCR) litigation and, considering the nature of the claim, it should be analyzed under § 2254(d)(1) rather than § 2254(d)(2).

A court may grant a writ of habeas corpus under § 2254(d)(1) under two different analyses:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. at 404-05, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.* at 405-06, 120

S.Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an incorrect one. *Id.* at 409-10, 120 S.Ct. 1495. *See also id.* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 694 (2002). Here, the petitioner is not arguing that the trial court applied the wrong law, but rather applied the correct law improperly; therefore, this Court will analyze it under the "unreasonable application" rubric.

"[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668,685 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). The purpose of this requirement is to ensure each criminal defendant receives a fair trial. *Strickland*, 466 U.S. at 686. A petitioner must show two things to evince ineffective assistance of counsel: (1) attorney error—that the attorney's representation fell below an objective standard of reasonableness; and (2) prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The magistrate dismissed this claim because he found that the PCR Court's

decision that trial counsel did not preserve the Confrontation Clause issue for appeal and, therefore, petitioner's appellate counsel did not err by not pursuing this issue on direct appeal was a reasonable application of the law. (R. & R at 29-32)   The magistrate then went further and discussed that, even if the issue was preserved for appeal, the petitioner's claim did not evince attorney error or prejudice as required by *Strickland.* (R & R at 33) Without a showing of error or prejudice, the magistrate dismissed the petitioner's ineffective assistance claim.

Petitioner argues that the PCR Court's determination that trial counsel did not preserve a Confrontation Clause argument for appeal is an unreasonable application of the law.   After reviewing the record, this Court cannot describe the PCR Court's decision as an unreasonable application law.  It is a close call.  But, even if this court would decide it differently, it must not reverse a reasonable application of law. *Bell*, 535 U.S. at 694.  Therefore, this objection is without merit.

Further, arguing against the magistrate's alternative ground for dismissing this claim—even if the issue is preserved, there is no error or prejudice—petitioner objects that it was error for appellate counsel not to argue that the trial judge erred by finding that Neuman was unavailable because Neuman could not properly invoke  the Fifth Amendment. From the trial transcript it is clear that the trial judge did not declare Neuman unavailable because of the Neuman's alleged Fifth Amendment right not to testify, but rather because Neuman refused again and again to testify during the sentencing phase of the trial.  Both sides and the court made diligent and good faith

efforts to get Neuman to testify, but after he consulted counsel,  he refused. Therefore, the petitioner's objection is groundless.

In conclusion, this Court finds, like the magistrate, that the PCR Court that fully adjudicated the issue of whether the petitioner's appellate counsel was ineffective for choosing not to make a Confrontation Clause argument on direct appeal applied the law in a reasonable fashion.

### Conclusion

After reviewing the magistrate's Report and Recommendation, the petitioner's objections, and the record, this Court finds that the magistrate's opinion applies sound legal principles to the facts of this case.  Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the respondents motion for summary judgment be GRANTED and that the petition be DISMISSED with prejudice.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 17, 2008
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**