UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Thomas Treshawn Ivey, #5001, | ) | C/A No.: 0:07-cv-4024-GRA-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Jon Ozmint, Commissioner, South | ) | |
| Carolina Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the court on the petitioner's application for a certificate of appealability, filed May 30, 2008. For the reasons stated herein, this court grants the petitioner's motion.

## Procedural Background

Petitioner filed a habeas corpus petition and a stay of execution on December 14, 2007. This court granted the stay of execution, but denied the petitioner's habeas petition. This court subsequently denied the petitioner's motion for reconsideration. Petitioner now asks this court to issue a certificate of appealability.

## Discussion

A habeas corpus petitioner may not appeal an order denying the petition without first obtaining a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A). A court can issue a COA only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "substantial showing"

required for a COA is a lesser showing than would be required for Petitioner to prevail on the merits of his/her petition. *See Barefoot v. Estelle*, 463 U.S. 880, 895 (1983).

In *Slack v. McDaniel*, 120 S.Ct. 1595 (2000), the United States Supreme Court articulated the standard for determining whether or not to issue a COA under the "substantial showing" language in section 2253(c).  The Court stated:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

120 S. Ct. at 1604.

Petitioner raises three issues in his memorandum supporting his request for a certificate of appealability:  (1) whether the seating of a juror with strong views in favor of the death penalty violated the petitioner's right to a fair trial before an impartial jury; (2) whether petitioner's defense counsel had an actual conflict of interest thereby violating the petitioner's Sixth and Fourteenth Amendment rights; and (3) whether petitioner's Sixth Amendment rights were violated when his appellate counsel failed to make a Confrontation Clause argument.  This Court finds, based on the record before it, that Petitioner has made a "substantial showing of the denial of a constitutional right" on all three issues and will issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS THEREFORE SO ORDERED THAT the petitioner's motion for a certificate of appealability be GRANTED in full.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

June 9, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**